## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DR. HANSEL M. DeBARTOLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 10 C 1960** |
| | ) | |
| **UNITED HEALTHCARE SERVICES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the

reasons stated below, we grant Defendant's motion to dismiss.

## BACKGROUND

Plaintiff Dr. Hansel N. DeBartolo (DeBartolo) alleges that sometime before

February 20, 1998, when he began providing medical services to a patient (Patient),

DeBartolo called Defendant to verify that the Patient was insured by Defendant.

According to DeBartolo, Defendant indicated that the Patient was insured under a

medical benefit plan (Plan) and, thereafter, the Patient allegedly assigned DeBartolo

1

her right to benefit payments under the Plan (Assignment) so that DeBartolo would provide medical treatment to her. DeBartolo alleges that Defendant acknowledged the Assignment by forwarding partial payments to DeBartolo for medical treatments performed between February 20, 1998 and October 22, 1999. DeBartolo also alleges that Defendant denied all of his claims for payments relating to medical treatment performed after October 22, 1999.

Defendant has allegedly refused to pay $6,973.00 in benefit payments due to DeBartolo for medical services he provided to the Patient. In addition, on or around February 10, 2000, after DeBartolo learned of Defendant's refusal to make the benefit payments allegedly owed, DeBartolo allegedly made a written request to Defendant for a copy of the Plan. According to DeBartolo, Defendant has never provided DeBartolo a copy of the Plan or responded to his request. DeBartolo alleges that he exhausted all available administrative remedies for appealing Defendant's refusal to pay the benefit payments allegedly due. DeBartolo includes in his complaint a claim for failure to pay benefits brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) (Section 1132(a)(1)(B))(Count I), a claim for failure to provide a copy of the Plan brought pursuant to ERISA, 29 U.S.C. § 1132(c)(1)(B) (Section 1132(c)(1)(B)) (Count II), an Illinois state law misrepresentation claim (Count III), and an Illinois state law promissory

estoppel claim (Count IV).  Defendant has moved to dismiss all claims.


## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

# DISCUSSION

Defendant argues that DeBartolo's claims must be dismissed because each claim is barred by the applicable statute of limitations. While courts should not generally dismiss an action pursuant to Rule 12(b)(6) on the basis of an affirmative defense, an exception applies when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)(stating that "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense").

## I.  Claim for Failure to Pay Benefits (Count I)

DeBartolo argues that, based on the federal discovery rule, his Section 1132(a)(1)(B) claim for failure to pay benefits is not time-barred. Pursuant to Section 1132(a)(1)(B), "[a] civil action may be brought [by a participant or beneficiary] . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Illinois' ten-year statute of

limitations relating to written contracts, codified at 735 ILCS 5/13-206, applies to DeBartolo's Section 1132(a)(1)(B) claim. *See Jenkins v. Local 705 Intern. Broth. of Teamsters Pension Plan*, 713 F.2d 247, 253 (7th Cir. 1983)(holding that when there is a "complaint based on Section 502(a)(1)(B) of ERISA . . . the most analogous Illinois statute of limitations is the one for written contracts"); *see also Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992)(indicating that "Section 502(a)(1)(B) claims are creatures of contract law"); 735 ILCS 5/13-206 (stating that "actions on . . . written contracts . . . shall be commenced within 10 years next after the cause of action accrued"). In addition, the Seventh Circuit has stated that a Section 1132(a)(1)(B) claim accrues on the date that benefits are denied. *See, e.g.*, *Jenkins*, 713 F.2d at 254; *Tolle*, 977 F.2d at 1139. DeBartolo alleges in the instant action that Defendant denied DeBartolo's request for payment of benefits sometime before February 10, 2000. (*See* Compl. Ex. B). DeBartolo filed the instant action on March 17, 2010, more than ten years later.

The federal discovery rule provides that a claim accrues "once the party performs the alleged unlawful act and once the party bringing a claim discovers an injury resulting from this unlawful act." *Tolle*, 977 F.2d at 1139. DeBartolo contends that he did not discover the "full nature or extent of the injury, or whether such injury was wrongfully caused" because Defendant refused to provide DeBartolo

5

a copy of the Plan.  (Resp. 5-6).  However, DeBartolo alleges in his complaint that to date, he has not received a copy of the Plan.  (Compl. Par. 11).  Thus, applying DeBartolo's logic, it would follow that DeBartolo has still not "discovered" his injury and that therefore his Section 1132(a)(1)(B) claim has not yet accrued.

DeBartolo also contends that his claim under Section 1132(a)(1)(B) did not accrue until "it became apparent that [Defendant] had denied him meaningful access to the plan document and any review procedures contained therein."  (Resp. 6).  In so arguing, DeBartolo apparently relies on his letter requesting a copy of the Plan, which was dated February 10, 2000, and the requirement under Section 1132(c)(1)(B) that Defendant "comply with a request for any information . . . within 30 days."  29 U.S.C. § 1132(c)(1)(B).  However, DeBartolo has provided no legal support for the proposition that the requirement of Section 1132(c)(1)(B) relates to the date upon which a claim accrues under Section 1132(a)(1)(B).  In addition, DeBartolo's invocation of the discovery rule is undermined by the fact that DeBartolo's letter dated February 10, 2000 "formally protest[ed]" the nonpayment of claims and asserted that "[m]ore [payments] should have been allowed."  (Compl. Ex. B).  Thus, DeBartolo's arguments relating to the discovery rule are without merit.

The allegations of the complaint reveal that DeBartolo's Section

1132(a)(1)(B) claim accrued sometime prior to February 10, 2000, when DeBartolo

wrote the letter protesting the non-payment of his claims. DeBartolo did not file the

complaint in the instant action until March 17, 2010, more than ten years later.

DeBartolo states that he delayed filing his claim because he was required to exhaust

administrative remedies before filing a claim. However, DeBartolo alleges no facts

indicating he took any action to exhaust his administrative remedies other than

sending the February 10, 2000 letter. In addition, DeBartolo has not shown that any

equitable tolling doctrines apply to his Section 1132(a)(1)(B) claim. *See Cada v.

Baxter Healthcare Corp*., 920 F.2d 446, 450-51, 453 (7th Cir. 1990)(stating that

"[w]hen . . . the necessary information is gathered after the claim arose but before the

statute of limitations has run, the presumption should be that the plaintiff could bring

suit within the statutory period and should have done so" and that "a plaintiff who

invokes equitable tolling to suspend the statute of limitations must bring suit within a

reasonable time after he has obtained, or by due diligence could have obtained, the

necessary information"). Based on the above, DeBartolo's Section 1132(a)(1)(B)

claim is barred by the statute of limitations. Therefore, we grant Defendant's motion

to dismiss the Section 1132(a)(1)(B) claim.


II.  Claim for Failure to Provide Copy of Plan (Count II)

DeBartolo argues that his Section 1132(c)(1)(B) claim is governed by the same ten-year statute of limitations applicable to his Section 1132(a)(1)(B) claim, and that therefore his Section 1132(c)(1)(B) claim is not time-barred. However, DeBartolo relies solely on *Jenkins*, 713 F.2d 247, a case in which the Seventh Circuit addressed the statute of limitations applicable to Section 1132(a)(1)(B) claims, not Section 1132(c)(1)(B) claims. *Id.* at 253-54.          Pursuant to Section 1132(c)(1)(B), an administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish . . . within 30 days after such request may in the court's discretion be personally liable . . . in the amount of up to $100 a day from the date of such failure or refusal. . . ." 29 U.S.C. § 1132(c)(1)(B).  While the Seventh Circuit has not directly addressed the statute of limitations applicable to Section 1132(c)(1)(B) claims, the Seventh Circuit has indicated that Illinois' two-year statute of limitations governing statutory penalty claims, codified at 735 ILCS 5/13-202, is applicable to such claims.  In *Mondry v. American Family Medical Insurance Co.*, 557 F.3d 781 (7th Cir. 2009), the Seventh Circuit stated that "the purpose of [imposing penalties under Section 1132(c)(1)(B)] is to induce . . . [compliance] with the statutory mandate rather than to compensate the plan participant [or beneficiary] for any injury []he suffered as a result of non-compliance." *Id.* at 806.  In addition, in *Anderson v. Flexel, Inc.*, 47 F.3d 243 (7th

8

Cir. 1995), the Seventh Circuit stated that, although the argument was waived, the court "might be inclined to find that the state statute of limitations for statutory penalties applies to [Section 1132(c)(1)(B)] claims. . . ." *Id.* at 247. Therefore, we find that Section 1132(c)(1)(B) claims are subject to Illinois' two-year statute of limitations for statutory penalty claims. *See* 735 ILCS 5/13-202 (stating that "[a]ctions for . . . a statutory penalty . . . shall be commenced within 2 years next after the cause of action accrued").

Further, even if we were to apply a ten-year statute of limitations to the Section 1132(c)(1)(B) claim, as DeBartolo advocates, DeBartolo's Section 1132(c)(1)(B) claim would still be time-barred. DeBartolo alleges that he requested a copy of the Plan on February 10, 2000. Pursuant to Section 1132(c)(1)(B), Defendant was required to provide the requested document within thirty-days of DeBartolo's request. 29 U.S.C. § 1132(c)(1)(B). Therefore, DeBartolo's Section 1132(a)(1)(B) claim accrued on March 12, 2000. DeBartolo did not file his complaint until March 17, 2010, more than ten years after his Section 1132(c)(1)(B) accrued. DeBartolo has not shown that any equitable tolling doctrines apply to his Section 1132(C)(1)(B) claim. *See, e.g., Cada*, 920 F.2d at 450-51, 453. Based on the above, DeBartolo's Section 1132(c)(1)(B) claim is barred by the statute of limitations. Therefore, we grant Defendant's motion to dismiss the Section

1132(c)(1)(B) claim.


## III. Estoppel and Misrepresentation Claims (Counts III and IV)

DeBartolo argues that, under the federal discovery rule, his estoppel and

misrepresentation claims are timely. Illinois law provides that claims for

misrepresentation or estoppel are governed by a five-year statute of limitations. *See*

735 ILCS 5/13-205 (stating that "actions on unwritten contracts, expressed or

implied, or on awards of arbitration, or to recover damages for an injury done to

property, real or personal, or to recover the possession of personal property or

damages for the detention or conversion thereof, and all civil actions not otherwise

provided for, shall be commenced within 5 years next after the cause of action

accrued"). As discussed above, DeBartolo's arguments relating to the discovery rule

are without merit. The complaint alleges that Defendant made the alleged

misrepresentation sometime prior to February 20, 1998, when DeBartolo began

providing medical treatment to the Patient. As evidenced by the letter dated

February 10, 2000, DeBartolo's claims for misrepresentation and estoppel accrued

no later than February 10, 2000. DeBartolo has not shown that any equitable tolling

doctrines apply to his estoppel or misrepresentation claims. *See, e.g., Cada*, 920

F.2d at 450-51, 453. Based on the above, DeBartolo's estoppel and

misrepresentation claims are barred by the statute of limitations.  Therefore, we grant

Defendant's motion to dismiss the estoppel and misrepresentation claims.


**CONCLUSION**

Based on the foregoing analysis, we grant Defendant's motion to dismiss


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   November 16, 2010